## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ASHLEY CHOUEST, INDIVIDUALLY** | * | **CIVIL ACTION NO.:** |
| **AND ON BEHALF OF HER MINOR** | * | |
| **CHILDREN, LUCIEN JOSEPH** | * | **JUDGE** |
| **BARBARIN, III, LANDEN BARBARIN** | * | |
| **AND LIVIA BARBARIN** | * | **MAGISTRATE JUDGE** |
| | * | |
| **VERSUS** | * | |
| | * | |
| **THE CIGNA INSURANCE COMPANY** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>NOTICE OF REMOVAL</u>

TO:   **ASHLEY CHOUEST**
Through her attorney of record
Stephen C. Juan
P.O. Box 6425
Metairie, LA  70009

**PLEASE TAKE NOTICE** that Life Insurance Company of North America ("LINA") (incorrectly referred to as The Cigna Insurance Company in plaintiff's Petition), named as defendant in the proceeding entitled "*Ashley Chouest, Individually and on Behalf of Her Minor Children, Lucien Joseph Barbarin, III, Landen Barbarin and Livia Barbarin  v. The Cigna Insurance Company*," Docket No. 2018-11441, on the docket of the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, Division D, on May 15, 2018 filed in the United States District Court, Eastern District of Louisiana, its Notice to effect the removal of said Civil Action to the United States District Court for the Eastern District of Louisiana.

LINA respectfully represents that the grounds for removal are as follows:

1

**I.**

The cause bearing the above captioned title which is entitled *"Petition for Damages for Breach of Life Insurance Contract and for Payment of Death Benefit"* ("Petition") was originally filed in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, Docket No. 2018-11441, Division D on March 26, 2018.

**II.**

Service for Cigna Insurance Company was attempted on April 18, 2018 by the East Baton Rouge Sheriff's Office through personal service to the Secretary of State, but Cigna Insurance Company is not an entity capable of being sued or served.

**III.**

It has been less than thirty days since the citation directed to Cigna Insurance Company in the State Court proceeding was served upon the defendant.  Removal of this claim is, therefore, timely pursuant to 28 U.S.C. § 1446(b).

**IV.**

A copy of the original Petition and referenced citations are annexed to this Notice of Removal in accordance with the provisions of 28 U.S.C. § 1446 and is identified as "**Exhibit A**."

**V.**

Plaintiff, Ashley Chouest, is a resident of the State of Louisiana.

**VI.**

Defendant, Life Insurance Company of North America, is a Pennsylvania corporation and has its principal place of business in Philadelphia, Pennsylvania.

**VII.**

This Notice of Removal is based on 28 U.S.C. §1441(a) and 28 U.S.C. §1331, because plaintiff's claim is for benefits payable under a group accidental death policy issued to the

decedent's employer, Auto-Chlor Services, LLC, which policy was issued pursuant to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq.* ("ERISA").

## VIII.

The above-described action is one over which the United States District Court has original jurisdiction pursuant to 28 U.S.C. §1331, inasmuch as the matter involves a claim for benefits under an employee welfare benefit plan, which was established pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq.* ("ERISA").  The definition of an employee group benefit plan is set forth at 29 U.S.C. §1002(3) which states:

> The term 'employee benefit plan' or 'plan' means . . .an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension plan.

The term "employee welfare benefit plan" is defined as:

> . . .any plan, fund, or program . . .established or maintained by an employer . . .to the extent that such plan, fund or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability death . . .

*Id.* §1002(1).

## IX.

ERISA preempts the state law claims contained in the Petition and provides the exclusive remedy when a plaintiff seeks to recover benefits under an employee welfare benefit plan.  ERISA §§502(a)(1)(B) and 514, 29 U.S.C. §§1132(a)(1)(B) and 1144; see *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987) and *Aetna Health, Inc. v. Davila,* 542 U.S. 200 (2004).  Therefore, this court has original federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

As an action of a civil nature founded on a claim or right arising under the laws of the United States, this action is being removed to the United States District Court for the Eastern District of Louisiana pursuant to the provisions of 28 U.S.C. §1441(a).

**X.**

Alternatively, the above-described action is a civil action in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that complete diversity existed between defendant and plaintiff, both at the time this suit was instituted and at the time of its removal and the amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

**XI.**

Petitioner respectfully requests that this Notice of Removal be filed in the records of the United States District Court for the Eastern District of Louisiana, State of Louisiana, effecting the removal of the suit entitled "*Ashley Chouest, Individually and on Behalf of Her Minor Children, Lucien Joseph Barbarin, III, Landen Barbarin and Livia Barbarin  v. The Cigna Insurance Company*," Docket No. 2018-11441, on the docket of the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, Division D.

**XII.**

Upon filing the Notice of Removal, petitioner will provide written notification of the Removal to the plaintiff and will file a copy of the Notice of Removal with the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana.  A copy of the state court notification is attached as **Exhibit "B."**

**WHEREFORE,** defendant, Life Insurance Company of North America, petitioner herein, respectfully requests that this Notice be deemed good and sufficient and that this cause be removed to this Court.

Respectfully submitted,


s/ Lauren A. Welch_____
LAUREN A. WELCH (#17199)
McCRANIE, SISTRUNK, ANZELMO, HARDY,
McDANIEL & WELCH, L.L.C.
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
E-mail:  lwelch@mcsalaw.com
*Attorney for Defendant, Life Insurance Company of North*
*America*


## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2018, a copy of the foregoing pleading was filed

electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be

sent to all counsel of record by electronic mail to stephencjuan@hotmail.com.


 s/Lauren A. Welch_____
LAUREN A. WELCH